UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSE PERALTA,                                                          Case No.

                     Plaintiff,

       -vs.-                                                       **COMPLAINT**

BTB EVENTS & CELEBRATIONS, INC,
RICKY I. EISEN and CECILLIA "DOE"
Last Name Being Fictitious and Unknown,

                  Defendants.
---------------------------------------------------------X

Plaintiff, JOSE PERALTA by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### *THE PARTIES*

1.     Plaintiff, JOSE PERALTA (hereinafter "Mr. Peralta" or "Plaintiff") is an individual residing in Queens, New York.

2.     Upon information and belief, Defendant BTB EVENTS & CELEBRATIONS, INC., (hereinafter "BTB Events") was and is a domestic corporation whose principal place of business is located at 145 W. 55th Street, New York, NY 10019.

3.     Upon information and belief, Defendant RICKY I. EISEN (hereinafter "Eisen") is an individual, whose actual place of business is located at 244 W. 54th Street, Suite 504, New York, NY 10019.

4.      Upon information and belief, at all times herein pertinent, Defendant Eisen, served as a principal, officer and/or manager of Defendants BTB Events.

5.      Upon information and belief, Defendant CECILLIA "DOE", (hereinafter "Cecillia") is an individual, whose actual place of business is located at 244 W. 54th Street, Suite 504, New York, NY 10019.

6.      Upon information and belief, at all times herein pertinent, Defendant Cecillia, served as a principal, officer and/or manager of Defendants BTB Events.

7.      Upon information and belief, for the calendar year 2013 the gross receipts of BTB Events were not less than $500,000.00.

8.      Upon information and belief, for the calendar year 2014 the gross receipts of BTB Events were not less than $500,000.00.

9.      Upon information and belief, for the calendar year 2015 the gross receipts of BTB Events were not less than $500,000.00.

10.     Upon information and belief, for the calendar year 2016 the gross receipts of BTB Events will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142, *et seq.* and other appropriate rules, regulations, statutes, and ordinances.

12.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

15.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

16.     BTB Events catering company.

17.     Mr. Peralta was employed by the Defendants from on or about the calendar year of 2001 until on or about July 29, 2015.

18.     Mr. Peralta was assigned various duties including, but not limited to, dispatching orders, preparing, packaging and wrapping up orders for delivery around New York City.

19.     Mr. Peralta worked Mondays through Fridays, inclusive, from 8:00AM until 7:00PM. At least twice per month, Mr. Peralta would work from 8:00AM until 11:00PM.

20.     Mr. Peralta's was paid $12.00 per work hour from on or about the calendar year of 2010 and was afforded a raise on or about August 1, 2014 to $13.00 per work hour.

21.     Although Mr. Peralta regularly worked 55 hours in a given week, he received weekly paychecks from Defendants that did not properly record or compensate him for all of the hours he worked.

22.     Defendants "shaved" time from the total number of hours Mr. Peralta worked and recorded in his time records.

23.     On average, Defendants shaved between 10 and 15 work hours from Mr. Peralta's time records per week.

24.     Defendants required Mr. Peralta to perform work off-the-clock without compensation.  For instance, at least one day per week, after Mr. Peralta had clocked out for

4

the evening and was leaving the establishment, he would be asked by Defendants to complete more tasks.  When he asked if he should clock back into work, the Defendants stated that it wasn't necessary.  Plaintiff's recollection is that these tasks took between 30 minutes and one hour to complete.

25.     Throughout his employment, Defendants occasionally paid Mr. Peralta for some of the hours he worked in excess of 40 per week.  However, he was never compensated for all of the hours he worked in excess of 40 per week.  Even when he was paid overtime, Defendants did not pay Mr. Peralta for all the hours he worked over 40.

26.     Defendants failed to pay Plaintiff spread of hours pay.

27.     Upon information and belief, Defendants Eisen and Cecillia had the power to hire employees at BTB Events.

28.     Upon information and belief, Defendants Eisen and Cecillia had the power to fire employees at BTB Events.

29.     Defendants Eisen and Cecillia controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

30.     Upon information and belief, Defendants Eisen and Cecillia controlled the work schedule of all of the employees of BTB Events, including the Plaintiff's work schedule.

31.     Upon information and belief, Defendants Eisen and Cecillia controlled the rates and methods of payment of each of the employees of BTB Events., including the Plaintiff's pay rate and methods of pay.

32.     At all times herein pertinent, the Plaintiff performed his duties for Defendant BTB Events., at the direction and under the control of Defendants Eisen and Cecillia.

33.     Upon information and belief, and at all times herein pertinent, Defendants Eisen and Cecillia exercised close control over the managerial operations of BTB Events., including the policies and practices concerning employees.

34.     At all times herein pertinent, Defendants Eisen and Cecillia controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of BTB Events. in general, and with respect to the Plaintiff in particular.

35.     At all times herein pertinent, Defendants Eisen and Cecillia acted as Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

6

36.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages they earned.

37.     Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

38.     Defendant failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

39.     Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

40.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

42.     Defendants have failed to pay Plaintiff overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

43.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

44.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## AS AND FOR A SECOND CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY OVERTIME)

45.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

47.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

48.     Defendants have failed to pay Plaintiff the overtime wages to which they were entitled under the New York Labor Law.

49.     By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142, *et seq.*

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS)*

50.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51.     Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of this workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

52.     Through their knowing or intentional failure to pay Plaintiff spread of horus pay, Defendants have willfully and in bad faith violated the NYLL, Article 19, §§ 650, et seq. and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

53.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS)

56.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

58.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a)   awarding back pay for overtime pay due and owing to the Plaintiff;

b)   awarding back pay for spread of hours pay due and owing to the Plaintiff;

c)   Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

11

d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

e) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
         April 27, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52884

To:

BTB EVENTS & CELEBRATIONS, INC.
145 W. 55th Street
New York, NY 10019

RICKY I. EISEN
244 W. 54th Street, Suite 504
New York, NY 10019

CECILLIA "DOE"
244 W. 54th Street, Suite 504
New York, NY 10019

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSE PERALTA,                                        Case No.

                     Plaintiff,

        -vs.-

BTB EVENTS & CELEBRATIONS, INC,
RICKY I. EISEN and CECILLIA "DOE"
Last Name Being Fictitious and Unknown,

                   Defendants.
--------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52884